**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3776
_____

THERESA J. HENSON KAYMAK,
On behalf of herself and all others similarly situated,
Appellant

v.

AAA MID ATLANTIC, INC.,
JOHN DOES 1-10
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2-10-cv-06532)
District Judge: Hon. Juan R. Sanchez
_____

Submitted under Third Circuit LAR 34.1(a)
June 14, 2013

Before: SCIRICA, HARDIMAN and ALDISERT, Circuit Judges.

(Filed: June 17, 2013)

_____

OPINION OF THE COURT

_____

ALDISERT, Circuit Judge.

Theresa Kaymak, a former plaintiffs' class action lawyer, appeals from a judgment

by the United States District Court for the Eastern District of Pennsylvania that dismissed

her Complaint against AAA Mid-Atlantic, Inc. ("AAA") for lack of subject matter jurisdiction. The Complaint, which alleges breach of contract and unjust enrichment, was filed on behalf of Kaymak and a proposed class of "[a]ll current and former members of AAA who paid a full annual renewal fee to AAA after the expiration of their prior membership term, and had their memberships backdated to the prior expiration date." App. 19a. The District Court concluded that Kaymak suffered no "injury in fact" and therefore did not have standing to bring her claim in federal court. We will affirm the judgment of the District Court.

I.

Because we write primarily for the parties, who are familiar with the facts and the proceedings in this case, we will revisit them only briefly.

A.

In November 2007, Kaymak renewed her membership with AAA, a nonprofit automobile club that provides roadside assistance services and discounts from various third-party vendors. Upon this renewal, AAA issued Kaymak a three-year membership card that stated it was "valid thru" November 15, 2010, with "dues billed annually." App. 51a-52a.

On December 1, 2008, Kaymak discovered her car had a flat tire and that she would need roadside assistance. However, Kaymak had not paid her dues for that year, which, as of December 1, were approximately fifteen days late. Kaymak therefore accessed AAA's website where she renewed her membership and paid her dues. She then called AAA for assistance, which AAA provided without charge.

Pursuant to AAA's policy, though, when Kaymak renewed her membership and paid her dues on December 1, 2008, November 15, 2009 remained the date of

2

"expiration" for that year's membership and the date Kaymak would owe dues if she wished to again renew her membership. Kaymak now objects to this "backdating" of the membership she paid for on December 1, 2008, arguing that it denied her the full twelve months of membership she paid for.

B.

Kaymak filed a complaint against AAA for breach of contract and unjust enrichment. She argued that AAA's practice of "backdating" membership renewals caused "AAA members [to] receive less than the full 12 months of membership for which they bargained." App. 72a. In response to her Complaint, AAA filed a motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction. AAA argued that the District Court lacked subject matter jurisdiction because Kaymak suffered no "injury in fact" and therefore did not have standing to bring her claim in federal court. AAA argued that it had been its policy since October 29, 2009 to provide a "grace period" to all AAA members, whereby each member remained eligible for all AAA privileges for thirty days following the lapse of his or her AAA membership. Accordingly, AAA contended that when Kaymak's membership was backdated to November 15, she still received at least 12 months of membership because she remained eligible for all privileges through December 15 of the following year.

The District Court ordered the parties to conduct discovery limited to the issue of Kaymak's standing. Both parties submitted findings of fact and conclusions of law, and an evidentiary hearing was held on September 8, 2011.[1] The District Court concluded that Kaymak had not demonstrated standing and dismissed the Complaint. Kaymak

---

[1] When a factual challenge to subject matter jurisdiction is presented, a district court may consider evidence outside of the pleadings and may make determinations of fact in order to satisfy itself of its power to hear a case. See Gould Elecs., Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000).

3

appeals.[2]

II.

To have standing to bring a claim in federal court, a plaintiff must demonstrate that she has suffered an "injury in fact." See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992). An "injury in fact" is one that is "concrete," "particularized" and "actual or imminent." Id. Furthermore, the "injury in fact" must be fairly traceable to the defendant's challenged action, and it must be likely, as opposed to merely speculative, that the injury will be prevented or redressed by a favorable court decision. Id. at 560-61. Importantly, as the party invoking federal jurisdiction, plaintiffs bear the burden of establishing these requirements are met. Id. at 561.

When a district court dismisses a case for lack of subject matter jurisdiction, we review its legal conclusions de novo and its factual findings for clear error. Anselma Crossing, L.P. v. U.S. Postal Serv., 637 F.3d 238, 239-240 (3d Cir. 2011). "Clearly erroneous" has been interpreted to mean that a reviewing court can upset a finding of fact, even if there is some evidence to support the finding, only if the court "is left with the definite and firm conviction that a mistake has been committed." United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948). This means the appellate court must accept the factual determination of the fact finder unless that determination "either (1) is completely devoid of minimum evidentiary support displaying some hue of credibility, or (2) bears no rational relationship to the supportive evidentiary data." Krasnov v. Dinan, 465 F.2d 1298, 1302 (3d Cir. 1972).

A.

We hold that Kaymak's Complaint was properly dismissed for lack of subject

---

[2] We have jurisdiction to review a district court's dismissal for lack of subject matter jurisdiction under 28 U.S.C. § 1291.

4

matter jurisdiction and will affirm the judgment of the District Court.

The District Court's finding that Kaymak received more than twelve months of AAA membership privileges after her payment of dues on December 1, 2008 was not clearly erroneous. See App. 56a. Testimony was presented demonstrating that as a result of AAA's "grace period," Kaymak remained eligible for AAA's roadside assistance through December 15, 2009 (30 days after her membership "expired") and eligible for all other AAA privileges until January 14, 2010 (60 days after her membership "expired"). See App. 54a-56a. Both these dates are more than twelve months from December 1, 2008, the day Kaymak paid her dues. On appeal, Kaymak argues that this "grace period" "[did] not extend the term of her membership but rather only provide[d] an extra 30 days to pay her bill." Brief of Appellant 5. We are not convinced by this argument and conclude that it was not clear error for the District Court to find that "although Kaymak was charged for 12 months of membership, [she] in fact received more than 12 months of membership for the same price." App. 59a.

Additionally, the District Court properly concluded that AAA's grace period was not "illusory." See App. 56a-57a. After reviewing "call detail reports" from AAA, the District Court concluded that while "[i]mplementation of [the new grace-period] policy was not completely void of error," only 3.7% of members were charged for roadside service in contravention of the policy and that "[t]his small percentage of error [did] not support a finding that AAA's grace period [was] illusory." Id. It also concluded that Kaymak received sufficient notice of the grace-period policy because it was posted on AAA's website in October 2009 and Kaymak had some familiarity with the site, having used it in the past.

Significantly, Kaymak did not recall any occasion between November 15, 2009

5

and December 1, 2009 in which she wanted to use any privileges offered by AAA membership. Accordingly, Kaymak did not establish a concrete injury but merely presented to the Court a speculative one: had I wanted to use a AAA privilege, I might have been discouraged from doing so as a result of my erroneous belief that these privileges were no longer available to me. Such a speculative injury is not sufficient to confer standing and the District Court was correct to dismiss the case for lack of subject matter jurisdiction.[3]

* * * * *

We have considered all of the arguments advanced by the parties and conclude that no further discussion is needed. The judgment of the District Court will be AFFIRMED.

---

[3] We are confident also that Kaymak cannot demonstrate an injury that is "imminent" as she has relocated to Turkey, beyond the reach of AAA's operations. See Tice v. Centre Area Transp. Auth., 247 F.3d 506, 519 (3d Cir. 2001) (stating that an "injury in fact" may be demonstrated "through the presence of a continuing illegal practice to which plaintiff is likely to be subject absent court intervention").